**Gwanjun KIM, Plaintiff–Appellant,**

v.

**MAXEY TRAINING SCHOOL, Family Independence Agency, State of Michigan, et al, Defendants–Appellees.**

**No. 01–2191.**

United States Court of Appeals, Sixth Circuit.

May 22, 2002.

Before RYAN, BOGGS, and COLE, Circuit Judges.

Gwanjun Kim, a Michigan resident proceeding pro se, appeals a district court order dismissing his employment discrimination complaint filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On November 22, 1999, Kim filed a complaint against the W.J. Maxey Training School ("Maxey"), the Family Independence Agency, and the State of Michigan. Kim subsequently retained counsel, who filed an amended complaint on his behalf. The amended complaint identified Oliver Johnson, Jackie Robinson, and Alverna Ponders as additional defendants and added a claim for relief under the Michigan Elliott–Larsen Civil Rights Act ("EL-CRA"), Mich. Comp. Laws Ann. § 37.2202(1) (West Group 2001).

Kim, a Korean–American, alleged that on May 17, 1998, he began working for Maxey in its Sequoyah Center subunit as a youth specialist. Maxey, which is operated by the State of Michigan's Family Independence Agency, provides rehabilitative services for adjudicated male youths between the ages of twelve and twenty-one. Johnson, Robinson, and Ponders are supervisory employees at the Sequoyah Center. On July 30, 1998, Maxey terminated Kim's employment because he used an improper procedure when restraining a youth under his supervision. Kim alleged, however, that his employment was terminated because of his race and national origin. After filing a charge of discrimination with the Equal Employment Opportunity Commission and receiving a right-to-sue letter, Kim filed the instant action. He sought monetary and equitable relief.

The State of Michigan was dismissed from the action by an order filed on April 24, 2000. The defendants filed a motion for summary judgment, to which Kim responded. In his response to the defendant's motion for summary judgment, Kim

conceded that his ELCRA claims against Maxey and the individual defendants were barred by the Eleventh Amendment and that the individual defendants were not liable under Title VII. The district court granted the defendants' motion and dismissed the case. Kim's motion for reconsideration was subsequently denied. Kim has filed a timely appeal. He is now proceeding pro se and requests appointment of counsel. Maxey requests oral argument in its brief.

We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

In a Title VII case alleging race and national origin discrimination, the plaintiff must first prove a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In order to establish a prima facie case of race discrimination, the plaintiff must show that: 1) he is a member of a protected class; 2) he was subjected to an adverse employment action; 3) he was qualified for the position in question; and 4) similarly-situated non-protected employees received preferential treatment. *Id.; Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995). In order to compare his treatment to that of a non-protected employee, the plaintiff must show that "he or she is similarly-situated to the non-protected employee in all *relevant* respects." *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 353 (6th Cir.1998).

Once the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason" for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817. If the defendant is able to establish a nondiscriminatory reason for the adverse action, the burden shifts back to the plaintiff to produce credible evidence that the reason offered by the defendant is a mere pretext for unlawful discrimination. *Id.* at 804, 93 S.Ct. 1817.

Upon review, we conclude that the district court properly granted summary judgment in favor of Maxey. Kim failed to establish a prima facie case of race and national origin discrimination and did not offer any evidence from which a reasonable jury could conclude that Maxey's reasons for terminating his employment were pretextual. *See id.*

Accordingly, Kim's motion for appointment of counsel and Maxey's request for oral argument are denied and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.